Johnson, J., concurring
I agree with the majority's determination that Wright's absence from the August 19 proceeding was a violation of his constitutional right to be present at all critical stages of his criminal prosecution. I also agree that Wright's presence at that hearing "would have shortened the length of the continuance and pushed the court and the State to meet the 90-day [speedy trial] deadline." Slip op. at 14. I part company with the majority when it finds that the constitutional violation was harmless because the record does not contain evidence that the State's case would have been weakened or that the defense would have been strengthened if the trial would have occurred within the 90-day statutory period.
First, the majority fails to explain why the absence of evidence in the record is being used against the party whose constitutional rights were violated. Where the State and the district court have violated a criminal defendant's rights by conducting a critical-stage hearing without the defendant's presence, our precedent suggests that the State should be charged with the burden to prove beyond a reasonable doubt that the constitutional violation was harmless. Cf. State v. Ward , 292 Kan. 541, 568-69, 256 P.3d 801 (2011) ("
*902 Chapman [v. California , 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed. 2d 705 (1967) ] would require the party favored by the error-usually the State-to carry the burden of production." Benefitted party must prove beyond a reasonable doubt that the error did not affect outcome of trial, i.e., no reasonable possibility that error affected the verdict.). But in this instance, all the State proved was that the constitutional violation did, in fact, prejudice Wright. As Judge Fleetwood found, if Wright had been present, a continuance within the statutory speedy trial boundaries would have been granted, but it would have been charged to the State, not the defense. Consequently, without the constitutional error and corresponding attribution of the continuance to the defense, Wright would have received the statutory speedy trial date to which he was entitled and for which he had unequivocally advocated.
As noted, the majority finds harmlessness in its assessment that there is no evidence that the defense would have been impaired by the later trial date. But impairment of the defense is only one of the recognized interests that a speedy trial is designed to protect. The United States Supreme Court in Barker v. Wingo , 407 U.S. 514, 532, 92 S.Ct. 2182, 33 L.Ed. 2d 101 (1972), identified three ways in which a defendant is prejudiced by a speedy trial violation, to-wit:
"Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired."
Nevertheless, I feel compelled to concur in the result reached by the majority. We are not dealing with a constitutional speedy trial question. The constitutional violation in this case involved the defendant's right to be present at critical stages of the prosecution, the direct result of which was to deny Wright his statutory speedy trial rights. But, as the majority notes, those statutory rights were effectively eviscerated by this court's decision in State v. Brownlee , 302 Kan. 491, 511, 354 P.3d 525 (2015). Based on the way that Brownlee interpreted the speedy trial statute, K.S.A. 22-3402, the incorrect assignment of the continuance to Wright would not have been an appealable matter, even if he had been present at the district court hearing. Accordingly, Wright cannot get relief here despite the constitutional violation. But it is not because he failed to establish that the relative strength of the State's case was affected.
Luckert, J., joins the foregoing concurring opinion.